IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GE COMMERCIAL DISTRIBUTION FINANCE CORPORATION,<br>    Plaintiff<br><br>v.<br><br>SALEM MOTORS, INC.,<br>    Defendant | Civil Action No. 4:12-cv-02285<br><br>(Chief Judge Kane) |

### MEMORANDUM ORDER

Presently pending before the Court is Plaintiff GE Commercial Distribution Finance Corporation's motion for an order to show cause for an order of seizure and a temporary restraining order. (Doc. No. 3.) The Court has jurisdiction over the motion pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. For the reasons that follow, the Court will grant the motion in part and deny the motion in part.

### I. BACKGROUND

On November 16, 2012, Plaintiff GE Commercial Distribution Finance Corporation ("CDF") filed a complaint, asserting claims for replevin, attorneys' fees and legal expenses, and injunctive relief against Defendant Salem Motors, Inc. ("Dealer"). (Doc. No. 1.) According to the affidavit of Max L. Kittle, Jr., Plaintiff's Account Executive, Plaintiff "conducted an inventory floor plan audit on or about October 16, 2012, and determined that Dealer was in default of [the parties' Inventory Financing Agreement ("IFA")] Section 11 for failing to keep payment current and selling inventory out of trust amounting to $129,927.00." (Doc. No. 3-3 ¶ 11; see also Doc. No. 1 ¶ 13.) The IFA grants Plaintiff a security interest in Defendant's collateral, which includes approximately 127 recreational vehicles. (Doc. No. 1 ¶¶ 8-9, 19; Doc.

1

No. 3-1 at 6-8; Doc. No. 3-4 at 2.) The estimated value of the collateral is $1,595,473.45. (Doc. No. 3-3 ¶ 15.) To date, Defendant has failed to cure its default or surrender the collateral.

Pursuant to Rule 1075.1 of the Pennsylvania Rules of Civil Procedure and Rule 65(b) of the Federal Rules of Civil Procedure, Plaintiff "moves for the issuance of a Temporary Restraining Order and Order of Seizure to allow Plaintiff to obtain possession of its contractually and legally secured Collateral . . . and to prevent Defendant or its agents from wrongfully transferring or divesting assets to which Plaintiff is entitled." (Doc. No. 3 ¶ 2.) Under Section 12 of the IFA, in the event of default, Plaintiff is entitled to enter upon Defendant's premises in order to take possession of the collateral. (Doc. No. 3 ¶ 11; Doc. No. 3-4 at 5.) Thus, Plaintiff seeks an order of seizure awarding it immediate possession of the collateral. (Doc. No. 3 ¶ 12.) Plaintiff also seeks full access to Defendant's books and records. (Id. ¶ 18.)

## II.  REPLEVIN CLAIM

State law governs how district courts decide claims for the seizure of property to satisfy a judgment. See Fed. R. Civ. P. 64(a) ("At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."). Here, Plaintiff moves for a writ of seizure pursuant to Rule 1075.1 of the Pennsylvania Rules of Civil Procedure, which provides in pertinent part:

> (a) After the complaint has been filed, the plaintiff may move for the issuance of a writ of seizure whether or not the complaint has been served. The court shall fix the date and time of the hearing which shall not be less than forty-eight hours after filing the motion for the writ of seizure.
>
> . . . .

> (c) Notice of the hearing shall be substantially in the form provided by Rule 1353. It shall inform the defendant and any other person found in possession of the property of the place, date and time of the hearing. Service of the notice shall be made not less than twenty-four hours before the hearing.
>
> . . . .
>
> (e) The hearing shall be held whether or not the defendant or other person found in possession of the property appears. If the court is satisfied that notice as provided by this rule has been given or a reasonable attempt to give notice has been made, it shall determine from the complaint, affidavits, testimony, admissions or other evidence, whether the plaintiff has established the probable validity of the claim and, if so, it may order a writ of seizure to be issued upon the filing of a bond as provided by Rule 1075.3.

Upon review of the motion and the attached exhibits, the Court will grant Plaintiff's motion to the extent that it requests a hearing on the issuance of a writ of seizure.

## II.   TEMPORARY RESTRAINING ORDER

Fearing that Defendant "may transfer, sell, pledge, assign, remove, secrete or otherwise dispose of the Collateral in derogation of CDF's security interest," Plaintiff also moves for a temporary restraining order "to restrain the Defendant from taking any action to jeopardize [Plaintiff's] interest in the inventory Collateral." (Doc. No. 1 ¶ 35; Doc. No. 3 ¶ 16.) The Court may issue a temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure where the moving party shows:

> (1) a reasonable probability of eventual success in the litigation and (2) that the movant will be irreparably injured <u>pendente</u> <u>lite</u> if relief is not granted. Moreover, while the burden rests upon the moving party to make these two requisite showings, the district court should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

<u>Prof'l Plan Exam'rs of N.J. v. Lefante</u>, 750 F.2d 282, 288 (3d Cir. 1984) (internal quotation

marks omitted). Under certain circumstances, preliminary relief may be "appropriate to prevent further dissipation of assets." United States v. First Nat'l City Bank, 379 U.S. 378, 385 (1965). Such relief, however, is generally only available to prevent a defendant from dissipating its assets to the point of becoming judgment-proof. See Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 205 (3d Cir. 1990) (collecting cases). At this juncture, Plaintiff has not presented evidence sufficiently demonstrating that a temporary restraining order is necessary to protect a potential monetary judgment in its favor. Plaintiff, thus, has failed to clearly demonstrate that it would suffer irreparable injury, and the Court will deny its motion for a temporary restraining order.

**ACCORDINGLY**, on this 21st day of November 2012, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for an order to show cause for an order of seizure and for a temporary restraining order (Doc. No. 3) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The motion is **DENIED** to the extent that it seeks a temporary restraining order;

2. The motion is **GRANTED** to the extent that it seeks a hearing on the motion for a writ of seizure; and

3. A hearing shall be held on November 27, 2012, at 1:30 p.m., in Courtroom No. 4 on the Eighth Floor of the Harrisburg Federal Courthouse. Defendant Salem Motors, Inc. is directed to appear at the hearing to respond to Plaintiff GE Commercial Distribution Finance Corporation's contention that a writ of seizure should be issued authorizing Plaintiff to enter Defendant's premises and replieve the collateral in which Plaintiff holds a security interest, as described in the complaint. Plaintiff is directed to serve proper notice of this hearing on Defendant in accordance with Rules 1075.1 and 1353 of the Pennsylvania Rules of Civil Procedure not less than twenty-four hours before the hearing.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania